UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KHADIJAH TRIBBLE,<br><br>Plaintiff,<br><br>v.<br><br>CURALEAF HOLDINGS, INC. and MATTHEW DARIN,<br><br>Defendants. | Civil Action No. 1:24-cv-12760 |

**DEFENDANT CURALEAF HOLDINGS, INC.'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendant Curaleaf Holdings, Inc. ("Curaleaf," the "Company," or "Defendant"), through its undersigned counsel, hereby answers Plaintiff Khadijah Tribble's Complaint as follows:

**INTRODUCTION**

1. The Introduction paragraph of Plaintiff's Complaint merely states in summary fashion the nature of Plaintiff's claims and conclusions of law, to which no response is required. To the extent a response is deemed necessary, Defendant admits that Plaintiff is an African American woman formerly employed by Defendant as its Vice President of Corporate Social Responsibility, and as its Senior Vice President of Corporate Social Responsibility. Further, Defendant admits that Plaintiff once issued a social responsibility report for Defendant, and that *Green Market Report* once named Plaintiff "woman of the year," though Defendant lacks knowledge as to *Green Market Report's* rationale for doing so. Lastly, Defendant admits that Plaintiff filed a complaint with Defendant's Human Resources Department, and that Defendant restructured its leadership team. Defendant denies all remaining allegations in the Introduction paragraph of the Complaint.

## PARTIES

2. Upon information and belief, Defendant admits the allegations in Paragraph 2 of the Complaint.

3. Defendant admits that it is a Delaware corporation with a principal place of business located in Stamford, Connecticut. Defendant denies the remaining allegations contained in Paragraph 3 of the Complaint.

4. Defendant admits that Mr. Darin is a natural person and was employed by the company, but denies the remaining allegations in Paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5. Paragraph 5 states a legal conclusion to which no response is required. To the extent a response is required, Defendant does not contest the subject-matter jurisdiction of this Court over Curaleaf. Defendant denies the remaining allegations in Paragraph 5 of the Complaint.

6. Paragraph 6 states a legal conclusion to which no response is required. To the extent a response is required, Defendant does not contest the venue as to Curaleaf. Defendant denies the remaining allegations in Paragraph 6 of the Complaint.

## FACTS

7. Defendant admits that Plaintiff was hired as Vice President, Corporate Social Responsibility at an annual salary of $200,000 with a bonus target of 25% and denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Defendant admits that Plaintiff first reported to Jason White, and thereafter reported to Joe Bayern. Defendant denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Defendant admits the allegations contained in Paragraph 9 of the Complaint.

10. Defendant admits that Plaintiff worked remotely, but lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 10 of the Complaint.

11. Defendant admits that Plaintiff advanced the company's social impact agenda and profile, as well as the company's culture around social governance. Defendant denies any allegations inconsistent therewith and denies any remaining allegations contained in Paragraph 11 of the Complaint

12. Defendant admits that Plaintiff issued Curaleaf's first social responsibility report, and that she was named "Woman of the Year" by *Green Market Report* and "Woman of Impact" by *Forbes*. Defendant denies all remaining allegations contained in Paragraph 12 of the Complaint. Defendant lacks knowledge or information sufficient to form a belief as to the reasons why third parties—*Green Market Report* and *Forbes*—issued such accolades.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. Defendant admits that Plaintiff's salary increased, but denies the remaining allegations contained in Paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint

20. Defendant admits that Plaintiff was promoted to Senior Vice President, Corporate Social Responsibility and that here salary was increased to $275,000 with a bonus target of 40% but denies all remaining allegations contained in Paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. Defendant admits that Mr. Larkin made a statement along the lines of having any Irish in you at a dinner in Lost Angeles but denies all remaining allegations contained in Paragraph 22 of the Complaint.

23. Defendant lacks the knowledge or information sufficient as to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint.

24. Defendant lacks the knowledge or information sufficient as to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint.

25. Defendant lacks the knowledge or information sufficient as to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint.

26. Defendant denies the allegations in Paragraph 26 of the Complaint.

27. Defendant admits that Plaintiff attended lunch with Mr. Darin but lacks the knowledge or information sufficient as to form a belief as to when this lunch occurred.

28. Paragraph 28 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 28 of the Complaint, and Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's internal thoughts and feelings contained in Paragraph 28 of the Complaint.

29. Defendant lacks the knowledge or information sufficient as to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint.

30. Defendant admits that a discussion took place but denies that Mr. Darin ignored the severity of the issue. Defendant denies any remaining allegations in Paragraph 30 of the Complaint.

31. Defendant admits that Mr. Darin apologized on Mr. Larkin's behalf, but denies any allegations inconsistent therewith and denies any remaining allegations.

32. Defendant denies the allegations contained in Paragraph 32 of the Complaint to the extent they misconstrue Mr. Darin's conversation with Plaintiff, during which she conveyed to Mr. Darin her version of events and her purported feelings.

33. Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34. Defendant admits that Plaintiff filed a complaint against Mr. Larkin but denies any allegations inconsistent therewith and denies any remaining allegations.

35. Defendant denies that it never issued an investigation report and never shared findings with Plaintiff. Defendant investigated Plaintiff's allegations, shared its findings with Plaintiff, told Plaintiff it would take appropriate action, and then proceeded to take appropriate action. Defendant admits it informed Plaintiff that investigation reports or specific outcomes of investigations are not shared to, *inter alia*, protect confidentiality of investigation participants. Defendant denies any remaining allegations in Paragraph 35.

36. Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38. Defendant admits that Mr. Darin restructured the company's leadership team and that Plaintiff and other members of the leadership team started reporting to the Chief Strategy Officer. Further answering, Defendant denies that the re-structuring was "backlash" against Plaintiff and denies any remaining allegations in Paragraph 38.

39. Defendant lacks the knowledge or information sufficient as to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint.

40. Defendant lacks the knowledge or information sufficient as to form a belief as to

the truth of the allegations contained in Paragraph 40 of the Complaint. To the extent a response is required, Defendant denies the veracity of these alleged statements.

41. Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45. Defendant admits that Mr. Hara, a white male, was hired as Chief Strategy Officer. The remaining allegations referencing a purported "hostile work environment" state a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendant denies that Mr. Hara was investigated for "creating a hostile work environment.".

46. Defendant denies the allegations contained in Paragraph 46 of the Complaint. Further answering, Defendant states that, during the relevant timeframe, there was no Chief of Staff position to which Plaintiff could apply. Mr. Darin during this time was considering whether to create such a position, which Plaintiff expressed interest in pursuing if created, but Mr. Darin ultimately decided not to create the position, and thus there was never a Chief of Staff Position for which Plaintiff could apply at any point during her employment with Defendant.

47. Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48. Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49. Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50. Defendant admits the allegations contained in Paragraph 50 of the Complaint.

51. Defendant denies the allegations in Paragraph 51 of the Complaint. Further answering, Defendant states that the cost reductions in Plaintiff's department were part of a companywide cost-reduction effort.

52. Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53. Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54. Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55. Defendant denies the allegations contained in Paragraph 55 of the Complaint.

56. Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57. Defendant denies the allegations contained in Paragraph 57 of the Complaint.

58. Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59. Paragraph 59 states a legal conclusion to which no response is required. To the extent a response is required, the allegations contained in Paragraph 59 are denied.

60. Defendant admits that Plaintiff received an unprofessional and unpleasant voicemail from a vendor, but denies that it contained a "death threat," and disagrees with Plaintiff's characterization of it as such contained in Paragraph 60 of the Complaint.

61. Defendant admits that Plaintiff informed the company, but denies the remaining allegations contained in Paragraph 61 of the Complaint.

62. Defendant admits that Plaintiff made Mr. Darin and her supervisor aware of the situation, but denies the remaining allegations contained in Paragraph 62 of the Complaint.

63. Defendant admits that its attorneys sent the vendor a cease-and-desist letter, but denies any allegations inconsistent therewith and denies the remaining allegations contained in Paragraph 63 of the Complaint.

64. Defendant denies that it "dragged its heels in responding to [Plaintiff's alleged] complaints," that it retaliated against her, and that the communication Plaintiff received from a vendor included a threat to her life. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 64 of the Complaint.

65. Defendant lacks knowledge of information sufficient to form a belief as to Plaintiff's mental health, but denies the remaining allegations contained in Paragraph 65 of the Complaint.

66. Defendant lacks the knowledge or information sufficient as to form a belief as to the truth of the allegations contained in Paragraph 66 of the Complaint.

67. Defendant denies the allegations contained in Paragraph 67 of the Complaint.

68. Defendant denies the allegations contained in Paragraph 68 of the Complaint.

69. Defendant lacks the knowledge or information sufficient as to form a belief as to the truth of the allegations contained in Paragraph 69 of the Complaint

70. Defendant denies the allegations contained in Paragraph 70 of the Complaint.

71. Paragraph 71 states a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Defendant admits that Plaintiff requested PTO, but denies that she ever disclosed it was due to mental health until March 8, 2023.

72. Although Defendant admits Plaintiff was scheduled to return on March 7, 2023, Defendant denies that Plaintiff in fact returned to work on March 7, 2023 and denies any remaining allegations in Paragraph 72.

73. Paragraph 73 refers to a written email, which speaks for itself.  Defendant denies any allegations inconsistent therewith.

74. Paragraph 74 refers to a written email, which speaks for itself.  Defendant denies any allegations inconsistent therewith.

75. Defendant denies the allegations contained in Paragraph 75 of the Complaint.

76. Defendant denies the allegations contained in Paragraph 76 of the Complaint.

77. Defendant admits the allegations contained in Paragraph 77 of the Complaint but

denies they lacked explanation.

78.     Defendant admits the allegations that Complainant did not receive a bonus, but denies that she was eligible for or entitled to any bonus, and denies that she should have been paid a bonus on the day she references in Paragraph 78 of the Complaint.

79.     Defendant admits that Plaintiff was offered consideration in exchange for her accepting a severance agreement with a general release, but denies that Plaintiff was eligible for or entitled to any bonus, and denies that the consideration offered to her in connection with the proposed severance agreement was characterized as a bonus.  The remaining allegations in Paragraph 79 of the Complaint state legal conclusions to which no response is required.  To the extent a response is deemed necessary, Defendant denies that any restrictive covenants in prior agreements between Plaintiff and Defendant were "unenforceable" or "overbroad," and denies that the proposed severance agreement was designed to "resuscitate" any such restrictive covenants.

80.     Paragraph 80 states a legal conclusion to which no response is required. To the extent a response is required, the allegations contained in Paragraph 80 are denied.

81.     Defendant denies the allegations contained in Paragraph 81 of the Complaint.

82.     Paragraph 82 refers to a written email, which speaks for itself.

83.     Paragraph 83 refers to a written email, which speaks for itself.  Further answering, Defendant admits that Plaintiff resigned.

84.     Paragraph 84 states a legal conclusion to which no response is required. To the extent a response is required, the allegations contained in Paragraph 84 are denied.

85.     Paragraph 85 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that Plaintiff filed a Charge with the Massachusetts Commissions Against Discrimination,but denies that such Charge was timely filed.

86. Defendant admits the allegations contained in Paragraph 86 of the Complaint.

87. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 of the Complaint

### PLAINTIFF'S CLAIMS

### COUNT I
### DISCRIMINATION ON THE BASIS OF SEX IN VIOLATION OF G.L. c. 151B §4(1)
### (vs. Curaleaf)

88. Defendant repeats and incorporates herein by reference its responses to Paragraphs 1-87 above.

89. Paragraph 89 states a conclusion of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 89.

90. Defendant admits that Plaintiff filed a complaint against Mr. Larkin and informed Mr. Darin, but denies the remaining allegations contained in Paragraph 90 of the Complaint.

91. Defendant denies the allegations contained in Paragraph 91 of the Complaint.

92. Paragraph 92 states a conclusion of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 92.

93. Paragraph 93 states a conclusion of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 93.

### COUNT II
### DISCRIMINATION ON THE BASIS OF RACE/COLOR IN VIOLATION OF G.L. c. 151B §4(1)
### (vs. Curaleaf)

94. Defendant repeats and incorporates herein by reference its responses to Paragraphs 1-93 above.

95. Defendant denies the allegations contained in Paragraph 95 of the Complaint.

96. Paragraph 96 states a conclusion of law to which no response is required. To the

extent a response is required, Defendant denies the allegations contained in paragraph 96.

97. Paragraph 97 states a conclusion of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 97.

## COUNT III
## DISCRIMINATION ON THE BASIS OF DISABILITY IN VIOLATION OF G.L. c. 151B §4(16)
## (vs. Curaleaf)

98. Defendant repeats and incorporates herein by reference its responses to Paragraphs 1-97 above.

99. Defendant lacks the knowledge or information sufficient as to form a belief as to the truth of the allegations contained in Paragraph 99 of the Complaint.

100. Paragraph 100 states a conclusion of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 100.

101. Defendant denies the allegations contained in Paragraph 101 of the Complaint.

102. Paragraph 102 states a conclusion of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 102.

103. Paragraph 103 states a conclusion of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 103.

104. Defendant denies the allegations contained in Paragraph 104 of the Complaint.

105. Paragraph 105 states a conclusion of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 105.

106. Paragraph 106 states a conclusion of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 106.

## COUNT IV
### RETALIATION IN VIOLATION OF G.L. c. 151B §4(4)
### (vs. all DEFENDANTS)

107. Defendant repeats and incorporates herein by reference its responses to Paragraphs 1-106 above.

108. Defendant denies the allegations contained in Paragraph 108 of the Complaint.

109. Paragraph 109 states a conclusion of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 109.

110. Paragraph 110 states a conclusion of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 110.

111. Paragraph 111 states a conclusion of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 111.

## COUNT V
### FAILURE TO INVESTIGATE IN VIOLATION OF G.L. c. 151B §4(1)
### (vs. Curaleaf)

112. Defendant repeats and incorporates herein by reference its responses to Paragraphs 1-111 above.

113. Paragraph 113 states a conclusion of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 113.

114. Paragraph 114 states a conclusion of law to which no response is required. To the extent a response is deemed necessary, Defendant did conduct an investigation into Plaintiff's concerns against Mr. Larkin and denies any allegations inconsistent therewith and denies any remaining allegations.

115. Defendant denies the allegations contained in Paragraph 115 of the Complaint.

116. Paragraph 116 states a conclusion of law to which no response is required. To the

extent a response is required, Defendant denies the allegations contained in paragraph 116.

117. Paragraph 117 states a conclusion of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 117.

## COUNT VI
### AIDING AND ABETTING IN VIOLATION OF G.L. c. 151B §4(5)
### (vs. Matthew Darin)

118. Defendant repeats and incorporates herein by reference its responses to Paragraphs 1-117 above.

119. Defendant has no obligation to answer on behalf of Mr. Darin. To the extent a response is required, Defendant denies the allegations contained in Paragraph 119 of the Complaint.

120. Defendant has no obligation to answer on behalf of Mr. Darin. To the extent a response is required, Defendant denies the allegations contained in Paragraph 119 of the Complaint.

## COUNT VII
### INTERFERENCE WITH RIGHTS IN VIOLATION OF G.L. c. 151B §4(4A)
### (vs. Matthew Darin)

121. Defendant repeats and incorporates herein by reference its responses to Paragraphs 1-120 above.

122. Defendant has no obligation to answer on behalf of Mr. Darin. To the extent a response is required, Defendant denies the allegations contained in Paragraph 122 of the Complaint.

123. Defendant has no obligation to answer on behalf of Mr. Darin. To the extent a response is required, Defendant denies the allegations contained in Paragraph 123 of the Complaint.

## COUNT IX
### VIOLATION OF THE MASSACHUSETTS EQUAL PAY ACT OF G.L. c. 149 §105A
### (vs. Curaleaf)

124. Defendant repeats and incorporates herein by reference its responses to Paragraphs 1-123 above.

125. Paragraph 125 states a conclusion of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 125.

126. Paragraph 126 states a conclusion of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 126.

## COUNT X
### NON-PAYMENT OF WAGES IN VIOLATION OF THE MASSACHUSETTS WAGE ACT OF G.L. c. 149 §148
### (vs. all DEFENDANTS)

127. Defendant repeats and incorporates herein by reference its responses to Paragraphs 1-126 above.

128. Paragraph 128 states a conclusion of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 128.

129. Paragraph 129 states a conclusion of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 129.

130. Paragraph 130 states a conclusion of law to which no response is required.

131. Paragraph 131 states a conclusion of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 131.

## COUNT XI
### RETALIATION IN VIOLATION OF THE EARNED SICK TIME LAW G.L. c. 149 §148C
### (vs. all DEFENDANTS)

132. Defendant repeats and incorporates herein by reference its responses to Paragraphs

1-131 above.

132. [sic — continuing] 

133. Paragraph 133 states a conclusion of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 133.

134. Defendant denies the allegations contained in Paragraph 134 of the Complaint.

135. Defendant denies the allegations contained in Paragraph 135 of the Complaint.

136. Defendant denies the allegations contained in Paragraph 136 of the Complaint.

137. Paragraph 137 states a conclusion of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 137.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint, in whole or part, fails to state a claim for which relief can be granted.[1]

### SECOND AFFIRMATIVE DEFENSE

All amounts owed to Plaintiff have been paid.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred, in whole or in part, by her failure to mitigate damages.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries and/or damages, if any, were caused by Plaintiff's own actions, omissions, or conduct.

### FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks recovery of attorneys' fees, Plaintiff is not entitled to such recovery.

---

[1] By pleading any matter as a defense, Defendant does not concede that it bears the burden of proof with regard to such matter.

15

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in part to the extent she has failed to exhaust her administrative remedies and/or prerequisites.

### SEVENTH AFFIRMATIVE DEFENSE

To the extent any of Plaintiff's allegations have not specifically been denied above, they are hereby denied by Defendant.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitations.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or part, by principles of waiver, release, estoppel, laches, and unclean hands.

### TENTH AFFIRMATIVE DEFENSE

The Defendant has complied with all laws and regulations and has otherwise satisfied its statutory obligations toward Plaintiff under G.L. c. 151B, G.L. c. 149, §105A, the Massachusetts Wage Act, and all other applicable federal and state laws.

### ELEVENTH AFFIRMATIVE DEFENSE

Every action taken by Defendant with respect to Plaintiff was taken for legitimate business purposes and was consistent with principles of law.

### TWELFTH AFFIRMATIVE DEFENSE

Because the Complaint is phrased in conclusory terms, Defendant cannot fully anticipate all defenses which may be applicable to this action. Accordingly, the right to assert additional defenses, to the extent such defenses are applicable, is hereby reserved.

## JURY DEMAND

With regard to Plaintiff's demand for a jury trial, Defendant is not required to respond as this is simply a statement of what Plaintiff seeks. To the extent a response is required, Defendant admits that Plaintiff is entitled to a jury trial as to any claims in the Complaint that are so triable.

## REQUESTS FOR RELIEF

WHEREFORE, Defendant denies that Plaintiff is entitled to any damages or other relief and specifically denies the relief requests in paragraphs I – XI of the Complaint. Defendant respectfully requests that this Court:

(a)  dismiss the Complaint in its entirety;

(b)  enter judgment for Defendant on all claims against them;

(c)  award Defendant its costs and attorneys' fees, as appropriate; and

(d)  grant such other relief as the Court deems just and proper.

Respectfully submitted,

Defendant,

CURALEAF HOLDINGS, INC.

By their counsel,

*/s/ Keerthi Sugumaran*
Keerthi Sugumaran (BBO #682822)
Keith Taubenblatt (BBO No. 708748)
Jackson Lewis P.C.
75 Park Plaza
Boston, MA 02116
(617) 367-0025
(617) 367-2155 (fax)
Keerthi.Sugumaran@jacksonlewis.com
Keith.Taubenblatt@jacksonlewis.com

Dated: January 13, 2025

17

**CERTIFICATE OF SERVICE**

       This hereby certifies that on this 13th day of January 2025, this document, filed through this Court's ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and a paper and/or electronic copy shall be served on non-registered participants pursuant to applicable rules.

                                                */s/ Keerthi Sugumaran*
                                               JACKSON LEWIS P.C.

4894-4343-4998, v. 3