UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KHADIJAH TRIBBLE,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CURALEAF HOLDINGS, INC.,<br>and MATTHEW DARIN,<br><br>　　　　　Defendants. | Civil Action No. 1:24-cv-12760 |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MATTHEW DARIN'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDUCTION PURSUANT TO FED. R. CIV. P. 12(b)(2)

Defendant Matthew Darin ("Mr. Darin") submits this memorandum of law in support of his Motion to Dismiss for Lack of Personal Jurisdiction, and states as follows.

## INTRODUCTION

Plaintiff Khadijah Tribble filed a Complaint against Curaleaf Holdings, Inc. ("Curaleaf") and its former Chief Executive Officer, Mr. Darin, alleging violations of G.L. c. 151B, the Massachusetts Equal Pay Act (G.L. c. 149 § 105A), the Massachusetts Wage Act, (G.L. c. 149, § 148), and the Massachusetts Earned Sick Time Law (G.L. c. 149, § 148C). Plaintiff filed her claims against Mr. Darin in this Court even though Mr. Darin has no connection to the Commonwealth of Massachusetts: he lives and works in Florida. He has never lived in Massachusetts, he does not conduct business in Massachusetts, and he did not take *any* action in Massachusetts in connection to any of the facts relating to Plaintiff's specific allegations. Under these circumstances and as described more fully below, Mr. Darin respectfully requests that the Court dismiss Plaintiff's Complaint against him for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).

**FACTUAL BACKGROUND**

A. <u>Summary of Pertinent Allegations</u>

From March 2020 to March 2023, Plaintiff worked for Curaleaf as its Vice President of Corporate Social Responsibility. Complaint ("Comp.") at ¶¶ 7, 82-83. In that role, Plaintiff was responsible for overseeing Curaleaf's Corporate Social Responsibility initiatives. *Id*. at ¶ 9.

In her Complaint, Plaintiff alleges that she was subjected to race and sex discrimination as well as retaliation, in myriad ways, including: through purportedly unequal pay; through an alleged comment purportedly made to her by a non-supervisory colleague at a Curaleaf dinner in Los Angeles, California; through public comments made by Curaleaf's Chairman that offended Plaintiff; through an alleged threat that Plaintiff received from a Curaleaf vendor; through Curaleaf's corporate restructuring, which changed Plaintiff's direct supervisor; and through Curaleaf's reduction-in-force ("RIF") that affected multiple departments, including Plaintiff's. Comp. at ¶¶ 17-21, 22, 38, 50-56, 60-61. Plaintiff also alleges that she was subjected to disability discrimination when Curaleaf sought to determine whether Plaintiff intended to return to work after taking non-medical leave. Comp. at ¶¶ 66-73. Finally, Plaintiff alleges that she was deprived payment of an alleged bonus and two days' wages. On October 31, 2024, Plaintiff filed an eleven-count complaint in this Court alleging violations of the Massachusetts statutes noted above.

B. <u>Defendant Matthew Darin</u>

Mr. Darin is a citizen of the State of Florida. Declaration of Matthew Darin "Darin Decl.," attached hereto as *Exhibit 1)* at ¶ 2. He resides and maintains an office in Florida. *Id*. at ¶ 3. Mr. Darin has never lived in the Commonwealth of Massachusetts, nor does he rent or own any real property in the Commonwealth. *Id*. at ¶ 2. Mr. Darin also does not have a mailing address, telephone number, bank account, or personal business office in the Commonwealth. *Id*. Mr. Darin

was not involved in making any of the comments that Plaintiff complains offended her, nor does Plaintiff allege that he was. *See generally*, Compl. Additionally, Mr. Darin had no involvement in any decisions made about Plaintiff's purported bonus and two days' wages of which she alleges she was deprived. Darin Decl. at ¶ 8. Lastly, none of the allegations pertaining to Mr. Darin took place in Massachusetts.

<u>**ARGUMENT**</u>

<u>**PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION WITH RESPECT TO MR. DARIN.**</u>

A. <u>Plaintiff Bears the Burden of Proof to Demonstrate that this Court has Personal Jurisdiction Over Mr. Darin.</u>

Mr. Darin is not subject to the Court's jurisdiction, as he lives and works in Florida, has limited if any contact with Massachusetts, and none of the allegations Plaintiff raises with respect to Mr. Darin occurred in Massachusetts. For these reasons, Plaintiff cannot meet her burden to demonstrate that this Court has jurisdiction over Mr. Darin.

It is well established that "[on] a motion to dismiss for want of personal jurisdiction, the [P]laintiff ultimately bears the burden of persuading the court that jurisdiction exists." *Astro-Med, Inc. v. Nihon Kohden Am., Inc.*, 591 F.3d 1, 8 (1ˢᵗ Cir. 2009). The Plaintiff "may not rely on unsupported allegations in [her] pleadings," but rather is "obliged to adduce evidence of specific facts" to support her claim of personal jurisdiction. *Platten v. HG Bermuda Exempted Ltd.*, 437 F.3d 118, 134 (1ˢᵗ Cir. 2006); *Tassinari v. Salvation Army Nat'l Corp.*, 610 F. Supp. 3d 343, 353 (D. Mass. June 22, 2022). More specifically, the Plaintiff must make a *prima facie* case that jurisdiction is appropriate by "go[ing] beyond the pleadings" to "make affirmative proof" of jurisdiction. *Dodora Unified Commc'n, Inc. v. Direct Info., Pvt. Ltd.*, 379 F. Supp. 2d 10, 13 (D. Mass. 2005) (quoting *Boit v. Gar-Tec Prods., Inc.*, 967 F.2d 671, 65 (1ˢᵗ Cir. 1992). "Under the

*prima facie* analysis, the Court considers only whether the admissible evidence that the [P]laintiff has submitted in the record is sufficient to support findings on each jurisdictional element." *Schaefer v. Cybergraphics Sys., Inc.*, 886 F. Supp. 921, 923 (D. Mass. 1994) (citing Boit, 967 F.2d at 675). Plaintiff cannot meet this standard.

    B.   <u>There Is No Statutory Basis to Exercise Jurisdiction Over Mr. Darin.</u>

    "[F]or a nonresident to be subject to personal jurisdiction in Massachusetts, there must be a statute authorizing jurisdiction and the exercise of jurisdiction must be consistent with basic due process requirements mandated by the United States Constitution." *Bulldog Inv'rs Gen. P'ship v. Sec'y of Com.*, 457 Mass. 210, 215 (2010). While prior decisions in the First Circuit and this Court have side-stepped this issue based on an understanding that the long-arm statute is co-extensive with the principles of due process, e.g. *Hannon v. Beard*, 524 F.3d 275, 278 (1ˢᵗ Cir. 2008) *and Crowe. v. Harvey Kling, Inc.*, 277 F. Supp. 3d 182, 189 n.2 (D. Mass. 2017), more recent decisions from Massachusetts confirm that the statutory question must be resolved before reaching the constitutional question of due process. *See SCVNGR, Inc. v. Punch, Inc.*, 478 Mass. 324, 330 (2017); *Preferred Mut. Ins. Co. v. Stadler Form AG*, 308 F. Supp. 3d 463, 467 (D. Mass. 2018) (starting with analysis of the long-arm statute).

    The Massachusetts long-arm statute identifies eight ways to exercise personal jurisdiction over a non-resident defendant. *See* M.G.L. 223A, § 3. In particular:

> A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's
>
> (a) transacting any business *in [Massachusetts]*;
>
> (b) contracting to supply services or things *in [Massachusetts]*;
>
> (c) causing tortious injury by an act or omission *in [Massachusetts]*;
>
> (d) causing tortious injury in [Massachusetts] by an act or omission outside [Massachusetts] if he regularly does or solicits business, or engages in any other

persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in [Massachusetts];

(e) having an interest in, using or possessing real property *in [Massachusetts]*;

(f) contracting to insure any person, property or risk located within [Massachusetts] at the time of contracting;

(g) maintaining a domicile in [Massachusetts] while a party to a personal or marital relationship out of which arises a claim for divorce, alimony, property settlement, parentage of a child, child support or child custody; or the commission of any act giving rise to such a claim; or

(h) having been subject to the exercise of personal jurisdiction of a court of [Massachusetts] which has resulted in an order of alimony, custody, child support or property settlement, notwithstanding the subsequent departure of one of the original parties from [Massachusetts], if the action involves modification of such order or orders and the moving party resides in [Massachusetts], or if the action involves enforcement of such order notwithstanding the domicile of the moving party.

*See* M.G.L. 223A, § 3 (emphasis added).

As is clear from the plain text of the statute, four out of the eight requirements for personal jurisdiction require a plaintiff to show that the cause of action arose from some action or omission of the non-resident defendant *in Massachusetts*. *Id.* at § 3(a)-(c), (e). Here, the Plaintiff has alleged no such action or omission on the part of Mr. Darin that took place *in Massachusetts*. The remaining standards for potentially exercising jurisdiction over Mr. Darin simply do not apply to the facts of this case, as Mr. Darin is not a resident of Massachusetts, does not maintain a domicile in Massachusetts, does not own any property in Massachusetts, etc. *See Id.* at § 3(d), (f)-(h).

Because the Plaintiff cannot satisfy the threshold statutory question for personal jurisdiction over Mr. Darin, the Court need not reach the constitutional question and should dismiss the Complaint against Mr. Darin on this basis alone.

C.  The Exercise of Personal Jurisdiction over Mr. Darin Would Violate the Due Process Clause of the Constitution.

Even if the Plaintiff could demonstrate a statutory basis to support the exercise of personal jurisdiction over Mr. Darin, the Plaintiff still fails to meet the requirements of the Due Process

analysis.  Specifically, to satisfy the Constitution's Due Process Clause, the Plaintiff must show that Mr. Darin has sufficient "minimum contacts" in Massachusetts, "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Copia Commc'ms, Inc. v. AMResorts, L.P.*, 812 F.3d 1, 4, (1st Cir. 2016) (internal quotation omitted).  Personal jurisdiction may be "general" or "specific." *Cossaboon v. Maine Med. Ctr.*, 600 F.3d 25, 31 (1st Cir. 2010).  Here, Plaintiff cannot establish either type of jurisdiction over Mr. Darin.

### 1.  *This Court Lacks General Personal Jurisdiction Over Mr. Darin.*

When dealing with an individual, "the paradigm forum for the exercise of general jurisdiction is the individual's domicile. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011).  Here, Mr. Darin resides and works in Florida and, as a result, there is no basis to exercise general jurisdiction over Mr. Darin in Massachusetts.  Darin Decl. at ¶¶ 2-3.

### 2.  *This Court Lacks Specific Personal Jurisdiction Over Mr. Darin.*

Plaintiff also does not allege sufficient facts to establish specific jurisdiction over Mr. Darin.  The First Circuit uses a tripartite test to evaluate the appropriateness of specific jurisdiction. Specifically, a plaintiff must show that (1) the alleged injury must "relate to or arise out of the defendant's contacts in the forum"; (2) the defendant purposefully availed himself of the benefits and protections of the forum's laws; ***and*** (3) the exercise of jurisdiction is fair and reasonable. *EMC Corp. v. Petter*, 104 F. Supp. 3d 127, 133 (D. Mass. 2015).  "An affirmative finding on ***each*** of the three elements of the test is required to support a finding of specific jurisdiction." *Phillips Exeter Acad. v. Howard Phillips Fund, Inc.*, 196 F.3d 284, 288 (1st Cir. 1999).  Here, the Plaintiff cannot prevail on any of the three requirements for specific jurisdiction over Mr. Darin.

### a. Plaintiff's Claim Does Not Relate To or Arise Out of Mr. Darin's Contacts with Massachusetts.

In order to satisfy the "relatedness" portion of the specific jurisdiction analysis, "the defendant's in-state conduct must form an important, or at least material, element of proof, in the plaintiff's case." *Phillips v. Prairie Eye Ctr.*, 530 F.3d 22, 28 (1st Cir. 2008). Here, Plaintiff's Complaint fails to allege any activities—let alone any forum-related activities—to show that Mr. Darin contributed in any way to the facts giving rise to her claims. Indeed, as Plaintiff admits in her Complaint, none of Mr. Darin's alleged involvement in this matter occurred in Massachusetts. *See e.g.*, Comp. at ¶¶ 27-34 (alleging that, while having lunch with him in Los Angeles, California, Mr. Darin responded in a manner to which Plaintiff objects when she told him about her colleague's comment while at dinner the previous night); Comp. at ¶¶ 54-59 (asserting that, at an event in New York City, Plaintiff was not satisfied with Mr. Darin's response to her concerns regarding the Chairman's alleged public comments).

Moreover, the fact that Mr. Darin was a corporate officer of Curaleaf does not change the analysis. It is axiomatic that "jurisdiction over the individual officers of a corporation may not be based on jurisdiction over the corporation." *Johnson Creative Arts, Inc. v. Wool Masters, Inc.*, 573 F. Supp. 1106, 1111 (D. Mass. 1983). "For jurisdictional purposes, employees are 'not to be judged according to their employer's activities [but by whether they were] primary participants in the alleged wrongdoing intentionally directed at the forum.'" *M-R Logistics, LLC v. Riverside Rail*, 537 F. Supp. 2d 269, 279-80 (D. Mass. 2008) (citations omitted); *see also Perras v. Trane U.S., Inc.*, 463 F. Supp. 3d 38, 43 (D. Mass. 2020) (in order to exercise personal jurisdiction over a corporate officer, a plaintiff must show that the corporate officer "acted beyond the scope of his duties or derived [a] personal benefit from the alleged wrongdoing"). Under these circumstances, Plaintiff cannot satisfy the "relatedness" test.

**b. Mr. Darin Did Not "Purposefully Avail" Himself of Massachusetts Law.**

As explained above, Plaintiff must demonstrate that Mr. Darin "purposefully availed" himself of the privilege of conducting activities in Massachusetts, thereby invoking the benefits and protections of the state's laws and making his involuntary presence before the state's courts foreseeable. *C.W. Downer & Co. v. Bioriginal Food & Science Corp.*, 771 F.3d 59, 65 (1st Cir. 2014). "Th[e] 'purposeful availment' requirement ensures that a defendant will not be hailed into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or a third person.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (internal citations omitted). The Court should focus on the "voluntariness of the defendants' relevant Massachusetts contacts and the foreseeability of the defendants falling subject to Massachusetts's jurisdiction." *Copia Commc'ns, LLC*, 812 F.3d at 5 (citing *Adelson v. Hananel*, 510 F.3d 43, 50 (1st Cir. 2007)). "The focus of [purposeful availment] analysis is on whether a defendant has 'engaged in any purposeful activity related to the forum that would make the exercise of jurisdiction fair, just, or reasonable.'" *Weinberg*, 891 F. Supp. 2d at 245-46 (quoting *Rush v. Savchuk*, 444 U.S. 320, 329, 1 (1980)).

Here, Plaintiff does not allege any facts to show that Mr. Darin purposefully availed himself of the benefits and protections of Massachusetts. Her sole basis for establishing jurisdiction over Mr. Darin is that he was a corporate officer of Curaleaf while she worked for Curaleaf remotely from Massachusetts, which is insufficient to create a basis for jurisdiction. *M-R Logistics, LLC*, 537 F. Supp. 2d at 279-80. The sagacity of this conclusion is underscored by Mr. Darin's limited contact with Massachusetts. As explained above, Mr. Darin lives and works in Florida. Darin Decl. at ¶¶ 2-3. Likewise, Mr. Darin has never owned or rented property in Massachusetts. *Id*. at ¶ 2. And, Mr. Darin has no address, bank account or telephone number in

Massachusetts.  *Id.*  Indeed, in the last five years, Mr. Darin has been in Massachusetts at most only once or twice per year for Curaleaf business, none of which had anything to do with Plaintiff. *Id.* at ¶¶ 6-7.

Under these circumstances, Plaintiff cannot demonstrate that Mr. Darin purposefully availed himself of Massachusetts laws.

### c.   The Court Cannot Reasonably Exercise Jurisdiction Over Mr. Darin.

The final prong of the specific jurisdiction analysis requires consideration of whether the forum's exercise of jurisdiction is reasonable.  The exercise of jurisdiction over non-residents must comport with traditional notions of "fair play and substantial justice."  *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  Courts in the First Circuit utilize the "gestalt factors" to assess the reasonableness of asserting specific jurisdiction, based on: (1) the defendant's burden of appearing; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the judicial system's interest in obtaining the most effective resolution of the controversy; and (5) the common interests of all sovereigns in promoting substantive social policies. *C.W. Downer*, 771 F.3d at 69.

The Court need not conduct a "reasonableness" inquiry since Plaintiff has failed to allege any facts to support relatedness and/or purposeful availment.  *See Hopkins v. Yi*, No. 4:18-cv-40197-TSH, 2019 U.S. Dist. LEXIS 141248 *19 (D. Mass. May 31, 2019).  Courts have held that the showing a plaintiff must make on the gestalt factors depends on the strength of the plaintiff's showing on the other two necessary bases for jurisdiction. *See Ticketmaster-New York, Inc. v. Alioto*, 26 F.3d 201, 210 (1st Cir. 1994).  "[T]he weaker the plaintiff's showing on the first two prongs . . . the less a defendant need show in terms of unreasonableness to defeat jurisdiction." *Id.* Even so, when a plaintiff is unable to show sufficient forum-related contact and purposeful

availment by the defendants, as is the case here, this Court has concluded that a sufficient burden is created in hailing a non-resident defendant into Massachusetts to defend that action. *See Hopkins*, 2019 U.S. Dist. LEXIS 141248 at *20. With respect to the second gestalt factor, while Massachusetts has an interest adjudicating its citizens' claims against non-residents, the fact that the long-arm statute is not implicated at all tends to suggest that the forum state's interest is not particularly strong. *Id.*

In most cases, the third gestalt factor—the plaintiff's interest in obtaining convenient and effective relief—weighs in the plaintiff's favor. *Id.* at 21. However, the remaining factors—the judicial system's interest in obtaining the most effective resolution of the controversy and the interests of all sovereigns in promoting substantive social policies—both tend to favor dismissal of the Complaint against Mr. Darin. In general, the federal judiciary bears a strong interest in the uniform application of its jurisdictional rules and constitutional due process principles. Finding personal jurisdiction reasonable under these circumstances, where no voluntary, in-forum contacts or purposeful availment has been shown, would run counter to that interest. Indeed, such a finding would completely "eviscerate the requirement that plaintiffs provide affirmative proof of their jurisdictional allegations." *Boit*, 967 F.2d at 681. Moreover, the purpose of the gestalt factors is to "aid the court in achieving substantial justice, particularly where the minimum contacts question is very close." *Nowak v. Tak How Invs., Ltd.*, 94 F.3d 708, 717 (1st Cir. 1996). Where the Plaintiff has failed to meet the first two prongs of the specific jurisdiction analysis, the gestalt factors cannot create an independent basis for specific jurisdiction.

For these reasons, exercising specific jurisdiction over Mr. Darin would be inappropriate, and he should thus be dismissed from this case.

## CONCLUSION

Based on all the foregoing, Mr. Darin respectfully requests that this Court dismiss Plaintiff's Complaint for lack of personal jurisdiction with respect to him.

Respectfully submitted,

CURALEAF HOLDINGS, INC.,
and MATTHEW DARIN

By their attorneys,


/s/ Keerthi Sugumaran
Keerthi Sugumaran (BBO# 682822)
Keith Taubenblatt (BBO# 708748)
JACKSON LEWIS P.C.
75 Park Plaza
Boston, MA 02116
(617) 367-0025; FAX: (617) 367-2155
Keerthi.Sugumaran@JacksonLewis.com
Dated:  January 13, 2025        Keith.Taubenblatt@JacksonLewis.com

## <u>CERTIFICATE OF SERVICE</u>

      This hereby certifies that on this 13th day of January 2025, this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

                                /s/ Keerthi Sugumaran
                                Jackson Lewis P.C.

4903-5115-0600, v. 7